Earl GRAY, Appellant,

v.

James M. KUYKENDALL, Appellee.

No. 15714.

Court of Civil Appeals of Texas.

Fort Worth.

April 20, 1956.

Thomas M. Mobley, Houston, for appellant.

F. Warren Hicks and G. Winston Cutrer, Houston, for appellee.

BOYD, Justice.

Appellee James M. Kuykendall sued appellant Earl Gray for damages to an automobile which appellee alleged resulted from its being struck by an automobile negligently driven by appellant. Trial was to the court and judgment was rendered for appellee for the estimated cost of repairs which the court found was $311.52. It was not shown that the car had been repaired.

Appellant's points for reversal are that there was no evidence, and that the evidence was insufficient, to support the judgment. He does not, however, contend that the evidence does not support the finding of negligence.

The only testimony offered by appellee as to damages to his car occasioned by the collision was as follows: "Q. Was your car damaged as a result of the collision? A. Considerable damage, both rear and front." The only other witness who testified was an automobile mechanic who saw appellee's car the day after the collision, and examined it for the purpose of making an estimate of the cost of needed repairs. His written estimate made that day was introduced in evidence, and showed a total of $311.52 for labor and materials.

Appellant insists that it was not shown that the defective condition of the automobile as found by the mechanic was caused by the collision which occasioned the suit. We are inclined to agree with this contention. There was no evidence as to the condition of the car before the collision. There was no evidence that the defective condition of the car as found by the mechanic was caused wholly by the collision. Indeed, the only evidence which supports an inference that such defective condition was caused, even in part, by the collision is appellee's statement that the collision did considerable damage both to the rear and the front of the car, and some items in the repair estimate apparently referring to parts usually found at the front and the rear of a car.

Conceding that the evidence supports the inference that the collision may have caused some of the defects which the mechanic took into consideration in making the estimate, there is nothing to show that it caused all of them, or that some of them did not exist before the collision. Appellant may not be required to pay for labor and materials necessary in remedying defects in appellee's car unless it is shown that they were caused by the collision.

The judgment is reversed and the cause remanded.